IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| HERBERT L. WIGGINS | § | |
| VS. | § | CIVIL ACTION NO. 9:25cv219 |
| GENE KNIZE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER REGARDING VENUE

Plaintiff Herbert L. Wiggins, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several individuals.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events regarding his criminal conviction in Ellis County, Texas. His claims therefore arose in Ellis County. Further, the defendants appear to reside in Ellis County. Pursuant to 28 U.S.C. § 124(a)(1), Ellis County is located in the Dallas Division of the Northern District of Texas. As this case does not appear to have any connection with the Eastern District of Texas, the court is of the opinion this matter should be transferred to the Dallas Division of the Northern District.

**ORDER**

For the reasons set forth above, it is **ORDERED** that this civil rights action is **TRANSFERRED** to the Dallas Division of the United States District Court for the Northern District of Texas.

SIGNED this 30th day of October, 2025.

_____
Zack Hawthorn
United States Magistrate Judge